SHIPLEY, INC., *et al. v.* Fletcher LONG, Jr., *et al.*

04-136                                          148 S.W.3d 746

Supreme Court of Arkansas
Opinion delivered February 19, 2004

PER CURIAM. In accordance with § 2(D)(3) of Amendment 80 to the Arkansas Constitution and Rule 6-8 of the Rules of the Supreme Court and Court of Appeals of the State of Arkansas,

Judge Garnett Thomas Eisele of the United States District Court for the Eastern District of Arkansas has by proper motion and certifying order filed a motion and certifying order with our clerk on February 4, 2004. The certifying court requests that our court answer four questions of Arkansas law which may be determinative of a cause now pending in the certifying court, and it appears to the certifying court that there is no controlling precedent in the decisions of the Arkansas Supreme Court. The law in question involves the interpretation of Act 133 of 1969 (codified at Ark. Code Ann. §§ 5-68-501, et seq. (Repl. 1997), which criminalizes the sale to minors of material that, while not obscene for adults, is obscene as to minors. Also in issue is Act 1263 of 1999, which amended Act 133, and, among other things, changed the definition of "material that is harmful to minors" to reflect changes in the United States Supreme Court's definition of obscenity. Act 1263 contained a "safe harbor" provision that read "a person shall be deemed not to have displayed material harmful to minors if the material is kept behind devices commonly known as "blinder racks" so that the lower two-thirds of the material is not exposed to view. Act 858 also added language requiring that the material harmful to minors be "segregated in a manner that physically prohibits access to the material by minors."

■ After a review of the certifying court's thorough analysis and explanation for the need for this court to answer the questions of law presently pending in that court, we accept certification of the four following questions:

## QUESTION 1.

Is the statute (§ 5-68-501, et seq.) intended to protect *all* minors, i.e., all persons seventeen years of age and younger, from exposure to "materials harmful to minors?" If the answer is "yes," may the statute nevertheless be interpreted under Arkansas law to protect only those who are the older, more mature minors from exposure to such materials, if that interpretation is the only way to protect the statute from a successful attack under the United States Constitution?

## QUESTION 2.

The statute (§ 5-68-502) makes it unlawful to "display material which is harmful to minors in such a way that minors,

as part of the invited general public, will be exposed to view such material." Are books and magazines that have contents containing materials harmful to minors but which have no such materials on their binders or covers being "displayed" under the statute if they are simply shelved in bookcases or on book shelves without any additional action or effort to single them out or to draw the attention of the "invited general public" thereto?

## QUESTION 3.

Does a bookseller or librarian "allow to view ... to a minor ... any material which is harmful to minors," § 5-68-502(A), by simply shelving and displaying such material, or must he or she affirmatively give permission (i.e., "allow") the minor to view such material before he or she breaches the "allow to view" provision?

## QUESTION 4.

The "Safe Harbor" provision contained in § 5-68-501(1)(B) requires that the material must be "segregated in a manner that physically prohibits access to the material by minors." What must booksellers and librarians do to avail themselves of this provision?

This per curiam order constitutes notice of our acceptance of the certification as herein reformulated. For purposes of the pending proceeding, the following requirements are imposed:

A. Time limits under Rule 4-4 will be calculated from the date of this per curiam order accepting certification. The plaintiffs in the underlying action, Shipley, Inc., et al., are designated the moving parties and will be denoted as the "Petitioners," and their brief is due thirty days from the date of this per curiam; the defendants, Fletcher Long, Jr., Prosecuting Attorney, et al., shall be denoted as the "Respondents," and their brief shall be due thirty days after the filing of the Petitioners' brief. Petitioners may file a reply brief within fifteen days after the Respondents' brief is filed.

B. The briefs shall be as in other cases except for the content. Only the following items required in Rule 4-2(a) shall be included:

(3) Point on appeal which shall correspond to the "Certified Questions of Law to be Answered" in the federal district court's Certification Order, as reformulated.

(4) Table of Authorities.

(6) Statement of the Case which shall correspond to the "Facts Relevant to the Certified Questions of Law" as stated in the federal district court's Certification Order.

(7) Argument.

(8) Addendum, if necessary and appropriate.

(9) Cover for briefs.

C. Oral argument will only be permitted if the Court concludes that it will be helpful for a full presentation of the issues.

D. Rule 4-6, with respect to *amicus curiae* briefs will apply.

E. This matter will be processed as any case on appeal.

F. Rule XIV of the Rules Governing Admission to the Bar shall apply to the attorneys for the Petitioners and Respondents.